UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>JERMAINE MITCHELL,<br><br>                    Defendant. | Case No. 3:04-cr-00010-HDM-CLB<br><br>ORDER |

The defendant, Jermaine Mitchell ("Mitchell"), has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 275). The government has opposed (ECF No. 281), and Mitchell has replied (ECF No. 284).

In 2008, Mitchell was convicted, pursuant to a jury trial, of one count of possession with intent to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A), and one count of simple possession of marijuana (ECF Nos. 18 & 130). Because Mitchell had at least two prior qualifying convictions, the court was required to impose a sentence of life on the cocaine conviction. *Id.*; 21 U.S.C. § 851. Mitchell also received a concurrent term of 90 days on the marijuana conviction. (ECF No. 166).

In 2020, the court reduced Mitchell's sentence on Count One to a term of 360 months pursuant to the First Step Act of 2018,

1

§ 404, 132 Stat. at 5222. (ECF No. 242). Mitchell's current projected release date is April 27, 2029. *See* https://www.bop.gov/inmateloc/ (last accessed June 5, 2025). He now seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) provides, in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

The applicable policy statement is set forth in U.S.S.G. § 1B1.13.[2] Section 1B1.13 provides, in relevant part, that a

---

[1] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Mitchell has not served more than thirty years in prison and is not at least 70 years old, so this provision does not apply.

[2] Following the November 2023 amendments to § 1B1.13, *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) is no

2

§ 3582(c)(1)(A) motion may be granted upon a finding that: (1) extraordinary and compelling reasons warrant a reduction; (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.S. § 3142(g); and (3) the reduction is consistent with the policy statement.

A defendant is not entitled to be present for any hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4). The court may deny a motion for compassionate release after weighing the 18 U.S.C. § 3553(a) factors without first addressing whether extraordinary and compelling reasons exist. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

**I. Exhaustion**

Before an inmate may file a motion for relief pursuant to § 3582(c)(1)(A), he must first present his request to the warden of his institution. The motion may be filed in court after the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or 30 days have passed from the warden's receipt of his request, whichever is earlier.

There is no dispute that Mitchell exhausted his administrative remedies. (*See* ECF No. 275-1). The motion therefore may be considered by the court.

---

longer controlling to the extent it held that the version of § 1B1.13 then in effect was not an "applicable policy statement" binding on the courts. *See United States v. Eklund*, 2024 WL 623903, at *1 (D. Alaska Feb. 14, 2024); *United States v. Arcila*, 2024 WL 578688, at *2 (D. Or. Feb. 12, 2024); *United States v. Ashcraft*, 2024 WL 519966, at *1 (E.D. Cal. Feb. 9, 2024).

3

## II. Extraordinary and Compelling Reasons

Section 1B1.13 sets forth several examples of extraordinary and compelling reasons. Mitchell relies on § 1B1.13(b)(6),[3] which provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Importantly and relatedly, § 1B1.13(c) provides:

> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

On May 20, 2020, the court granted Mitchell's motion seeking a reduction of sentence under the 2018 amendments to 21 U.S.C. § 841(b). The court concluded that under the amendments, Mitchell's crime would be punishable with a sentence of ten

---

[3] Preliminarily, the government argues that § 1B1.13(b)(6) is invalid because the Sentencing Commission exceeded its delegated authority in promulgating the amendment. While courts are split on this argument, the court need not resolve it in this case. Even assuming § 1B1.13(b)(6) is valid, the court concludes that Mitchell is not entitled to a reduction in sentence.

4

years to life, and that his corresponding career offender guidelines range would therefore be 360 months to life. The court's conclusion was based on a finding that Mitchell's crime would today fall under 21 U.S.C. § 841(b)(1)(B). The court accordingly reduced Mitchell's sentence on Count One to a term of 360 months.

Two years later, 21 U.S.C. § 841(b) was again amended. This time it changed the types of crimes that would qualify a defendant for an enhanced sentence. Previously, a mandatory life sentence was required where the defendant had two or more prior felony drug offenses and committed a crime involving more than 50 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) (2002). Mitchell had three prior qualifying convictions. After the 2022 amendments, an enhanced sentence is imposed only for "serious drug felonies," defined in relevant part as certain drug felonies that prescribe a statutory maximum sentence of ten years or more. *See* 21 U.S.C. § 841(b)(1) (2022); *id.* § 802(58); 18 U.S.C. § 924(e)(2).

Mitchell argues that none of his prior convictions would qualify him for an enhanced sentence today, so his statutory maximum sentence under § 841(b)(1)(B) would be 40 years and his career offender range would therefore be 262-327 months. *See* U.S.S.G. § 4B1.1. Mitchell asserts that the eight-year difference between 262 months and 360 months is grossly disparate, making him eligible for relief under U.S.S.G. § 1B1.13(b)(6).

The government argues that it incorrectly conceded in the 2020 proceedings that Mitchell's crime is now punishable under

21 U.S.C. § 841(b)(1)(B) and asserts that, given the amount of drugs recovered, Mitchell's crime would still be punishable under § 841(b)(1)(A). As the statutory maximum under § 841(b)(1)(A) even without the enhancement is life, the government argues, Mitchell's guidelines range would be unchanged and there would therefore be no disparity between his current sentence and the sentence he would receive today.

The court agrees that no gross disparity exists, but not for the reasons urged by the government.

To begin, the government does not dispute, and the record supports, Mitchell's argument that under the 2022 amendments to § 841(b)(1), none of Mitchell's prior convictions has a statutory maximum of ten years or more and thus none qualifies as a "serious drug felony." (*See* ECF No. 140). Thus, if Mitchell were charged and convicted today, he would not be subject to an enhanced sentence under § 841(b). Further, the government's argument that Mitchell's crime would nevertheless be punishable under 21 U.S.C. § 841(b)(1)(A) today because he was found in possession of more than 280 grams of cocaine base is speculative. Contrary to the government's argument, paragraph 35 of the PSR, which states that Mitchell was convicted and found guilty of possessing a mixture or substance containing 405.57 grams of cocaine base – *was* in fact objected to and that language removed at the sentencing hearing. (*See* ECF No. 238-2 at 5-8). Further, the jury was asked – and answered – only whether Mitchell was responsible for more than 50 grams of cocaine base. Under these circumstances, it would be difficult

6

for the court to conclude that Mitchell would *likely* be sentenced under 21 U.S.C. § 841(b)(1)(A) today.

However, the court concludes that, in view of Mitchell's criminal history and the large amount of drugs he possessed,[4] the sentence Mitchell would receive today would not be at the low end of a 262-327 month range; it would be at least mid-range if not higher. The disparity between such a sentence and the sentence Mitchell is currently serving is not therefore gross, and, accordingly, the change in law does not entitle him to relief.

Moreover, and for much the same reasons, the 18 U.S.C. § 3553(a) factors do not weigh in favor of a reduced sentence.

**III. 18 U.S.C. § 3553(a)**

Five years ago, the court concluded that 360 months was the appropriate sentence for Mitchell's Count 1 conviction. Nothing in the interim has changed the court's conclusion. The nature and circumstances of the offense involved a large quantity of drugs -- 31 individually wrapped baggies containing in all probability well more than 69.61 grams of cocaine base – drug trafficking, and Mitchell seeking help to kill people who had robbed him. Mitchell's history and characteristics are likewise concerning. Even before application of the career offender enhancement, he was a criminal history category VI, and his record evidenced a consistent inability to abide by the terms of his probation. Mitchell's probation was revoked in three

---

[4] While Mitchell was technically found responsible for 69.61 grams of cocaine base, that was based on testing of only half of the bags. Undoubtedly that number would have been higher if all the bags had been tested.

7

separate cases, and his discharge from parole was dishonorable in yet another case. In fact, the PSR notes that Mitchell was a parole absconder at the time he was arrested in this case and had two outstanding warrants. His criminal history also includes an escape from custody. While the court understands that Mitchell has taken steps toward rehabilitation, it does not find these efforts outweigh the severe nature of his criminal history. In light of the nature and circumstances of the offense and the history and characteristics of the defendant, a sentence of thirty years remains necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**IV. Conclusion**

In accordance with the foregoing, IT IS THEREFORE ORDERED that the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 275) is hereby DENIED.

IT IS SO ORDERED.

DATED: This 5th day of June, 2025.

_____
UNITED STATES DISTRICT JUDGE

8